United States Court of Appeals
Fifth Circuit

**F I L E D**

August 18, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50356
Conference Calendar

_____

STEPHEN E. NICHOLSON,

Plaintiff-Appellant,

versus

MCLENNAN COUNTY COMMISSIONER'S COURT; LARRY LYNCH, Sheriff;
JOHNNY MYNAR; MEDICAL DEPARTMENT, McLennan County Sheriff's
Department; ROD RYAN, DR.; UNNAMED NURSES; OFFICER WOODSON, also
known as FNU Woodson; SERGEANT WARD, also known as FNU Ward;
CORPORAL BLYTHE, also known as FNU Blythe; UNNAMED OFFICERS,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:03-CV-120
--------------------

Before HIGGINBOTHAM, DAVIS, and PICKERING, Circuit Judges.

PER CURIAM:*

Stephen E. Nicholson, Texas prisoner # 1126089, seeks leave

to proceed in forma pauperis (IFP) in this appeal from the

district court's dismissal of his 42 U.S.C. § 1983 action for

failure to state a claim on which relief could be granted.  The

district court denied Nicholson's motion for leave to proceed IFP

on appeal and certified that the appeal was not taken in good

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

faith.  Nicholson challenges the district court's certification decision pursuant to <u>Baugh v. Taylor</u>, 117 F.3d 197, 202 (5th Cir. 1997).  Nicholson has not addressed the merits of the district court's certification decision.  Accordingly, his request for IFP status is DENIED, and his appeal is DISMISSED as frivolous.  <u>See</u> <u>Baugh</u>, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

Nicholson is cautioned that the district court's dismissal of his complaint and this court's dismissal of his appeal count as two strikes under 28 U.S.C. § 1915(g).  <u>See</u> <u>Adepegba v. Hammons</u>, 103 F.3d 383, 385-87 (5th Cir. 1996).  If Nicholson accrues three strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTIONS WARNING ISSUED.